IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **FEDERAL TRADE COMMISSION,**<br><br>Plaintiff,<br><br>v.<br><br>**SUPERIOR PLUS CORP.** and<br>**CANEXUS CORP.**,<br><br>Defendants. | Civil Action No. _____-cv-_____ |

**PLAINTIFF FEDERAL TRADE COMMISSION'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

Plaintiff, the Federal Trade Commission, moves this Court pursuant to Section 13(b) of the Federal Trade Commission Act, 15 U.S.C. § 53(b), for a temporary restraining order and a preliminary injunction enjoining the proposed merger of Defendants Superior Plus Corporation and Canexus Corporation, until the completion of the administrative proceedings evaluating the transaction now ongoing before the Commission. Absent a temporary restraining order, Defendants will be able to consummate the merger after 5:30 p.m. on June 28, 2016.

The Commission has determined that it has "reason to believe" that the proposed merger of Defendants would violate Section 7 of the Clayton Act, 15 U.S.C. § 18, and Section 5 of the FTC Act, 15 U.S.C. § 45. The Commission voted to authorize the administrative complaint in this matter on June 27, 2016, and scheduled the administrative trial to begin on November 29, 2016.

Under Section 13(b) of the Federal Trade Commission Act, a temporary restraining order and a preliminary injunction should issue when "such action would be in the public interest—as

determined by a weighing of the equities and a consideration of the Commission's likelihood of success on the merits." *FTC v. H.J. Heinz Co.*, 246 F.3d 708, 714 (D.C. Cir. 2001). Here, as explained in detail in the accompanying Memorandum in Support, a temporary restraining order and a preliminary injunction are in the public interest because the Commission's complaint counsel is likely to succeed on the merits in the ongoing administrative proceeding and strong public equities favor effective enforcement of the antitrust laws and preserving the status quo pending the completion of that proceeding. *Id.* at 726 ("The principal public equity weighing in favor of preliminary injunctive relief is the public interest in effective enforcement of the antitrust laws."). Furthermore, without provisional relief, Defendants can "scramble the eggs"—that is, merge their operations and make it extremely difficult, if not impossible, for competition to be restored to its previous state if the merger is subsequently found to be illegal.

Thus, as more fully set forth in the attached Memorandum in Support, injunctive relief is necessary to preserve the Court's and the Commission's ability to enter effective relief. A temporary restraining order is necessary to preserve the Court's ability to evaluate and to enter effective relief after consideration of the Commission's motion for a preliminary injunction.

Pursuant to Local Civil R. 65.1(a), counsel for Plaintiff certifies that, prior to filing this motion, they gave counsel for Defendants notice of the making of this motion, and offered to provide counsel with copies of the Complaint and other moving papers upon the entry of a Protective Order. Entry of a Protective Order is necessary to protect confidential and competitively sensitive information of third parties. If necessary to provide relief before 5:30 p.m. on June 28, 2016, the Court may enter the temporary restraining order ex parte.

Proposed orders for a temporary restraining order and a preliminary injunction are attached.

Dated: June 27, 2016

Respectfully submitted,

Tara Reinhart
(D.C. Bar 462106)
Chief Trial Counsel
Federal Trade Commission
Bureau of Competition
400 Seventh Street, N.W.
Washington, D.C. 20024
202-326-2638
TReinhart@ftc.gov

Counsel for Plaintiff Federal Trade Commission